UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENDRA FAULKNER o/b/o D.J.K.,        )<br>    *Plaintiff*,                                                  )<br>                                                                      )<br>    *vs.*                                                           )<br>                                                                      )<br>CAROLYN W. COLVIN, *Acting Commissioner*   )<br>*of Social Security Administration*,                  )<br>    *Defendant.*                                              ) | 1:14-cv-01767-JMS-TAB |

**ORDER DENYING MOTION TO DISMISS**

The Commissioner of Social Security (the "Commissioner") moves to dismiss a challenge by Plaintiff Kendra Faulkner, on behalf of minor D.J.K., to the Commissioner's decision dismissing her application for benefits, arguing that this Court lacks jurisdiction under 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's Motion to Dismiss is **DENIED**. [Filing No. 16.]

**I.
BACKGROUND**

The relevant background facts, which consist solely of the procedural history of this case, are undisputed. Ms. Faulkner filed for social security benefits on behalf of her daughter, D.J.K., on January 29, 2013. [Filing No. 17-1 at 2.] Her application was denied at the initial stage and upon reconsideration. [Filing No. 17-1 at 2-3.] Ms. Faulkner requested a hearing, and one was scheduled for May 12, 2014. [Filing No. 17-1 at 3.] Ms. Faulkner failed to appear at the hearing, and the Administrative Law Judge ("ALJ") dismissed her case. [Filing No. 17-1 at 3.]

On July 3, 2014, Ms. Faulkner requested Appeals Council review of the ALJ's dismissal. [Filing No. 17-1 at 3.] The Appeals Council remanded the case back to the ALJ to consider additional information in determining whether Ms. Faulkner has good cause for not appearing at

1

the hearing. [Filing No. 17-1 at 13.] On July 28, 2014, the ALJ again dismissed Ms. Faulkner's request for a hearing, finding that there was no good cause for her failure to appear at the hearing. [Filing No. 17-1 at 18-20.]

Ms. Faulkner requested Appeals Council review of the ALJ's dismissal. [Filing No. 17-1 at 3.] The Appeals Council denied review on August 26, 2014. [Filing No. 17-1 at 3.] Ms. Faulkner filed this action on October 29, 2014.

## II.
### LEGAL STANDARDS

Judicial review of decisions by the Commissioner is governed by 42 U.S.C. § 405(g), which provides in relevant part as follows: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." What constitutes a final decision "is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). The regulations adopted by the Commissioner set forth the administrative review process a claimant must undergo before receiving a "final decision" of the Commissioner. *See* 20 C.F.R. § 416.1400(a).

## III.
### DISCUSSION

The Commissioner seeks dismissal of this action, arguing that the Court lack's jurisdiction under 42 U.S.C. § 405(g) because the Commissioner did not issue a final decision as defined by the statute. [Filing No. 17 at 5-6.] Specifically, the Commissioner argues that no final decision was issued as to the claim of disability since the request for hearing was dismissed without decision. [Filing No. 17 at 6.]

Ms. Faulkner responds that she has exhausted all avenues of administrative relief. [Filing No. 20 at 3.] She points the Court to *Boley v. Colvin*, 761 F.3d 803 (7th Cir. 2014), and argues that she, like the claimant in *Boley*, "should be entitled to judicial review as the Appeals Council's last directive essentially exhausted her administrative remedies." [Filing No. 20 at 3.]

The Commissioner replies that there is no provision for further review of the Appeals Council's August 26, 2014, denial of review, given that a dismissal action is not considered a final decision. [Filing No. 23 at 1.] Moreover, the Commissioner argues that *Boley* is distinguishable from the instant case because the ALJ's grounds for dismissal were different and, in any event, *Boley* did not address the regulations on which the Commissioner relies showing that no "final decision" was issued by the Commissioner in this case. [Filing No. 23 at 2.]

In *Boley*, the claimant's application for benefits was denied initially and on reconsideration. 761 F.3d at 804. She failed to request a hearing within the sixty-day timeframe to do so, but alleged that she had good cause for this failure. *Id.* The ALJ dismissed the claimant's subsequent request for a hearing as untimely, reasoning that the claimant lacked "good cause" to file an untimely request. *Id.* (citing 20 C.F.R. §§ 404.911, 404.933(c)). The Seventh Circuit held that federal courts had jurisdiction to review the denial of the hearing because the phrase "after a hearing" in § 405(g) "means whatever process the Social Security Administration deems adequate to produce a final decision." *Id.* at 804-05.

Thus, while the Commissioner is correct that much of the *Boley* opinion focused on the meaning of "at a hearing," the Seventh Circuit defined that phrase to encompass whatever process is necessary to receive a final decision from the agency. In reaching this holding, the Seventh Circuit made clear that, at bottom, "§ 405(g) allows judicial review when a claim has been presented and finally decided." *Id.* at 806. For the claimant in *Boley* that meant that because she

3

"filed a claim for benefits and pursued it as far as the agency permitted[,] . . . she is entitled to judicial review of her contention that the agency mishandled her case." *Id.*  The same is equally true here.  Like the claimant in *Boley*, Ms. Faulkner filed a claim for benefits on behalf of her daughter and pursued it as far as the agency permitted.  [*See* Filing No. 17-1 at 2-3.]

The Commissioner argues that *Boley* is distinguishable because it is concerned whether there was good cause to request a hearing outside the deadline, while this case concerns whether good cause existed to for Ms. Faulkner's failure to appear at the scheduled hearing.  But the Commissioner does not explain how this bears on the jurisdictional question.  The Court does not see how it could given that the substance of the specific legal challenge does not affect whether the Court has jurisdiction to consider it.  *See id.* at 805 (defining subject-matter jurisdiction as "the power to decide *whether* a legal argument is sound").  Moreover, *Boley* is strikingly similar to this case.  In both cases, the ALJ decided that dismissal of the application of benefits was warranted because the claimants failed to follow the proper administrative procedures and that neither had good cause for doing so.  And again, in this case, like in *Boley*, Ms. Faulkner pursued her case "as far as the agency permitted."  *Id.* at 806.  The ALJ determined that she lacked good cause for her failure to appear at the scheduled hearing and the Appeals Council denied review of that decision.  [Filing No. 17-1 at 2-3.]  Because she pursued her case as far as the agency allowed, she is "entitled to judicial review of her contention that the agency mishandled her case." *Id.* at 806.

The regulations upon which the Commissioner relies to argue that the ALJ did not issue a "final decision" in this case—20 C.F.R. §§ 416.1459, 416.1455(b)—do not alter the Court's conclusion.  20 C.F.R. § 416.1459 provides that "[t]he dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council," and § 416.1455(b) states that the ALJ's decision is binding on all parties unless the claimant "requests

4

a review of the decision by the Appeals Council within the stated time period, the Appeals Council denies your request for review, and you seek judicial review of your case by filing an action in a Federal district court." Both of these regulations establish that decisions of the Commissioner are binding unless further action to challenge them is taken. But neither undermine the clear direction from *Boley* that, again, as long as a claimant "filed a claim for benefits and pursued it as far as the agency permitted[,] . . . she is entitled to judicial review of her contention that the agency mishandled her case." 761 F.3d at 806.

The judicial review permitted, however, does not encompass review of the Commissioner's decision denying benefits initially and upon reconsideration. Instead, as in *Boley*, judicial review is limited to whether "substantial evidence, and appropriate procedures, underlie the decision that [Ms. Faulkner] lack 'good cause' for her [failure to appear at the scheduled hearing]." *Id.* at 808. This is the question that Ms. Faulkner has pursued "as far as the agency permitted," and thus it is all that she may challenge in this action.

## IV.
### CONCLUSION

For the reasons explained, the Commissioner's Motion to Dismiss is **DENIED**. [Filing No. 16.] The Court will issue a briefing schedule for the parties to solely address whether substantial evidence and the appropriate procedures underlie the Commissioner's decision that good cause did not exist for Ms. Faulkner's failure to appear at the scheduled hearing.

Date: July 31, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**