UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| D.J.K., *a minor, by her mother*, <br> K.F., <br>         Plaintiff, <br>       vs. <br> CAROLYN W. COLVIN, <br> *Acting Commissioner of Social Security*, <br>         Defendant. | No. 1:14-cv-01767-JMS-TAB |

## **ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff K.F.,[1] on behalf of D.J.K., a minor, appeals the denial of D.J.K.'s application for supplemental security income ("SSI") benefits. K.F. applied for benefits on D.J.K's behalf on January 29, 2013. [Filing No. 27 at 27.] The claim was initially denied in March 21, 2013, [Filing No. 27 at 24], and upon reconsideration in June 21, 2013, [Filing No. 27 at 31]. Administrative Law Judge David J. Begley ("ALJ") held a hearing on May 12, 2014, and issued an order of dismissal after K.F. failed to appear. [Filing No. 27 at 21.] The Appeals Council vacated the ALJ's order of dismissal and remanded the case back for further proceedings. [Filing No. 27 at 21.] The ALJ issued another order of dismissal in June 2, 2014. [Filing No. 27 at 18-19.] The Appeals Council denied a request for review, rendering the ALJ's decision the final decision of the Defendant, Commissioner of the Social Security Administration ("Commissioner") for the purposes of this review. [Filing No. 27 at 15.] K.F. filed this action on behalf of D.J.K. under 42 U.S.C. § 405(g), requesting that the Court review the ALJ's denial. [Filing No. 27 at 1.]

---

[1] To protect the minor claimant's privacy pursuant to Federal Rule of Civil Procedure 5.2, the Court will also refer to the plaintiff pursuing this action on D.J.K.'s behalf by her initials.

1

# I.
## APPLICABLE STANDARD OF REVIEW

"The Administrative Law Judge will determine whether good cause exists for changing the time or place of [a] scheduled hearing." 20 C.F.R. § 416.1436(f). The ALJ considers various factors including, but not limited to, circumstances keeping the claimant from appearing, misleading actions by agency members, and any physical, mental, educational or linguistic limitation. 20 C.F.R. § 416.1436(f); 20 C.F.R. § 416.1411(a). The ALJ however, may still dismiss a request for a hearing if the claimant does not appear at the time and place of the hearing and good cause is not found by the ALJ for failure to appear. 20 C.F.R. § 416.1457(b)(1).

This Court's role in reviewing is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's findings. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). Moreover, "[a]n ALJ may not select and discuss only that evidence that favors [his] ultimate conclusion, but must articulate, at some minimum level, [his] analysis of the evidence to allow the [Court] to trace the path of [his] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

If the ALJ committed no legal error and substantial evidence supports the ALJ's decision, the Court must affirm the denial of benefits. Otherwise, the Court must generally remand the matter back to the SSA for further consideration; only under rare circumstances can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II.
### RELEVANT BACKGROUND

D.J.K. was in preschool when K.F. filed an application for SSI benefits on her behalf. The application alleges a disability related to D.J.K.'s low birth weight. [Filing No. 27 at 27.] The claim was initially denied in March 21, 2013, [Filing No. 27 at 24] and upon reconsideration, the claim was again denied in June 21, 2013. [Filing No. 27 at 31.]

K.F. filed a request for a hearing on July 18, 2013, [Filing No. 27 at 34.] and subsequently, Chelsea English, a non-attorney representative, filed an appointment of representative form on July 24, 2013. [Filing No. 27 at 37.] On December 7, 2013, Ms. English and K.F. received a letter informing them that their hearing had been transferred to the National Hearing Center ("NHC"). [Filing No. 27 at 46.] On January 23, 2014, Ms. English filed a withdrawal of representation notice. [Filing No. 27 at 54.]

K.F. received a notice letter from the NHC on February 20, 2014, which stated that the hearing was scheduled for May 12, 2014. [Filing No. 27 at 55.] K.F. received two additional reminders of the hearing, including a letter on April 28, 2014 and a voicemail on May 8, 2014. [Filing No. 27 at 92.] Despite the reminders, K.F. failed to appear at the hearing. [Filing No. 27 at 74.] On May 15, 2014, K.F. received a notice to show cause for failure to appear, requesting a written explanation with good reason as to why she did not appear at the hearing. [Filing No. 27 at 74.] K.F. was required to respond by May 27, 2014. [Filing No. 27 at 74.]

On July 18, 2014, the NHC received a letter dated May 27, 2014, [Filing No. 27 at 13; Filing No. 28 at 5], where K.F. explained that she was not able to attend the hearing because she had "started a new job and [she] didn't have time off," [Filing No. 27 at 81]. On July 7, 2014, the NHC also received a notarized affidavit signed on June 17, 2014. [Filing No. 27 at 93-94.] In the affidavit, she claims she spoke with an agent from the Office of Disability Adjudication and

3

Review ("ODAR"), who told her that both her daughters would have disability hearings "on the same date back to back" over the phone. [Filing No. 27 at 93.] K.F. further indicates that she subsequently received a notice regarding her other daughter's hearing, and relied on the information from the phone conversation with the ODAR agent. [Filing No. 27 at 93.] K.F. claims she was under the impression that D.J.K.'s hearing was rescheduled for the same day as her other daughter. [Filing No. 27 at 93.]

The ALJ issued an initial order of dismissal on June 2, 2014 for failure to appear and for failure to submit a document showing good cause. [Filing No. 27 at 18-19.] K.F. acquired attorney representation and requested the Appeals Council to review the ALJ's final decision. [Filing No. 27 at 76-79.] The Appeals Council remanded to the ALJ for consideration of the May 27, 2014 letter. [Filing No. 27 at 21-22.] However, after reconsideration, the ALJ issued a second order of dismissal on July 28, 2014. [Filing No. 27 at 12.] The ALJ stated that K.F. did not show good cause for failure to appear because K.F.'s letters were submitted late, the content lacked chronology, and the letters "contained unsubstantiated allegations." [Filing No. 27 at 13.]

## III.
### DISCUSSION

K.F. presents two challenges[2] on appeal, which the Court restructures as follows: (1) The ALJ did not apply the appropriate procedures in determining whether K.F. had good cause to miss the hearing, and (2) the ALJ failed to develop a full and fair record in determining whether K.F. had good cause to miss the hearing.

---

[2] K.F.'s brief presents one argument, but the Commissioner's response addresses K.F.'s argument as two separate issues. The Court will adopt the Commissioner's structure accordingly.

### A. Procedures to Dismiss a Request for a Hearing

K.F. argues that the ALJ failed to apply proper procedures in his decision to dismiss her request for a hearing. [Filing No. 28 at 8.] K.F. argues that the Notice to Show Cause letter indicated that the ALJ would consider all the regulations under "the Code of Federal Regulations, Title 20, Chapter III, Part 416," including "Sections 416.1411, 416.1436, and 416.1457(b)" to determine whether she had shown good cause for failure to appear. [Filing No. 27 at 7.] K.F. further argues that when the ALJ issued his second Order of Dismissal on July 28, 2014, he only considered factors under 20 C.F.R. § 416.1457(b)(2), but he failed to consider the additional regulations listed in the Notice to Show Cause letter, particularly 20 C.F.R. § 416.1411(a)(1), 20 C.F.R. § 416.1436(f)(1), and 20 C.F.R. § 416.1457(b)(2). [Filing No. 27 at 7.]

In response, the Commissioner argues that the ALJ followed the appropriate procedures when he dismissed K.F.'s request for a hearing. [Filing No. 33 at 4.] The Commissioner asserts that the ALJ, per the Social Security regulations, has the authority to dismiss a hearing when the claimant fails to appear at a hearing without showing "good cause." [Filing No. 33 at 5.] The Commissioner claims that the ALJ sent K.F. several notices about her scheduled hearing, and that upon her failure to appear, he mailed her a Notice to Show Cause letter to which she failed to respond during the allotted time. [Filing No. 33 at 5.] The Commissioner contends that K.F was aware of the scheduled hearing because she called the NHC the day after she missed the hearing, and she sent subsequent correspondence after the deadline indicating the reasons for missing the hearing. [Filing No. 33 at 5-6.] Thus, the Commissioner concludes, because K.F. did not have good cause to miss the hearing, the ALJ committed no error. [Filing No. 33 at 7.]

K.F. did not file a reply.

An ALJ may dismiss a request for a hearing if neither "[the claimant] nor the person [the claimant] designate[s] to act as [the claimant's] representative" appears at the time and place set for the hearing and good cause is not found.  20 C.F.R. § 1457(b)(1).  Moreover, the Hearings, Appeals, and Litigation Law Manual ("HALLEX") I-2-4-25 instructs the ALJ that he or she may dismiss a request for hearing if "an unrepresented claimant, or the claimant and his or her representative, fail to appear on time for the hearing" and the claimant does not show good cause for the absence.  HALLEX I-2-4-25, *available at* https://www.socialsecurity.gov/ OP_Home/hallex/I-02/I-2-4-25.html (last visited Jan. 26, 2016).

To the extent that the ALJ considered the appropriate Social Security regulations in determining whether K.F. had good cause to miss the hearing, the Court finds no error.  The ALJ's decision does not independently address all the factors pursuant to 20 C.F.R. § 416.1411 and 20 C.F.R. § 416.1436.  However, the ALJ is not required to address all the factors under those regulations since the option to dismiss a request for a hearing is well within the ALJ's delegated power so long as his decision is supported by the record.  Thus, an administrative law judge may dismiss a request for a hearing under any of the following conditions:

> (b)(1)(i) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been notified before the time set for the hearing that your request for a hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear; or
>
> (ii) Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and within 10 days after the administrative law judge mails you a notice asking why you did not appear, you do not give a good reason for the failure to appear.
>
> (2) In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which you may have.

20 C.F.R. § 416.1457(b).

Here, the ALJ notified K.F. about the time of the hearing on several occasions. [Filing No. 27 at 12-13.] K.F. failed to respond within 10 days after the notice to show good cause was sent, [Filing No. 27 at 12], and the ALJ determined there was no good cause after considering the factors under 20 C.F.R. § 416.1457(b)(2), [Filing No. 27 at 13]. Thus, the ALJ followed the appropriate procedures.

### B.  ALJ's Duty to Develop the Record

K.F. argues that the ALJ failed a "well-settled proposition regarding Social Security disability hearings" in that it is the obligation of the ALJ to develop a full and fair record. [Filing No. 28 at 11.]   K.F. argues that the ALJ did not explain or provide reasoning for conclusions during the determination of good cause. [Filing No. 28 at 13.] K.F. contends that the ALJ never inquired into her physical, mental, or educational limitations or her lack of professional representation. [Filing No. 28 at 8.] Further, K.F. argues that the ALJ did not consider any actions that could have caused confusion as to the date of the hearing. [Filing No. 28 at 10.] K.F. contends that the ALJ should have inquired into any limitations that could have contributed to her inability to timely respond. [Filing No. 28 at 8.]

The Commissioner, in response, argues that K.F. does not point to any regulation to support that her absence was the result of good cause. The Commissioner contends that there is nothing in the record suggesting K.F. was misled by the SSA. [Filing No. 33 at 8.] The Commissioner also suggests that there is nothing in K.F.'s written explanation or in the record that would question her physical, mental, education, or linguistic limitations which could have caused her to miss the hearing. [Filing No. 33 at 8.] Further, the Commissioner rejects K.F.'s lack of counsel as a contributing factor because K.F. never claimed to need more time to obtain representation. [Filing No. 33 at 8.] The Commissioner contends that the ALJ does not "[owe] her a special obligation

to go out of his way to investigate or find good cause for her absence" because K.F. was acting *pro se* at the time of the hearing or thereafter. [Filing No. 33 at 9.] The Commissioner concludes by stating that K.F., regardless of the status of her representation, had a responsibility for "the claim she brought on her daughter's behalf. The fact that she did not have a representative is not enough to excuse [K.F.] from appearing." [Filing No. 33 at 9.]

K.F. did not file a reply brief.

It is firmly established that hearings to determine whether claimants are entitled to disability insurance benefits are not adversary proceedings. *Cannon v. Harris*, 651 F.2d 513, 519 (7th Cir. 1981); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ has a basic obligation at such hearings to develop a full and fair record. *Cannon*, 651 F.2d at 519; *Smith v. HEW*, 587 F.2d 857, 860 (7th Cir. 1978); 20 C.F.R. § 404.927. When a claimant is unassisted by counsel, "the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Cannon*, 651 F.2d at 519 (citing *Gold v. Sec'y of Health, Ed. & Welfare,* 463 F.2d 38, 43 (2d Cir. 1972)).

Although the ALJ followed the appropriate procedures, the ALJ failed to develop a full and fair record to determine whether K.F. had good cause to miss the hearing. K.F. was in fact acting *pro se* months before and after the scheduled hearing. Ms. English withdrew as K.F.'s representative on January 23, 2014, and K.F. did not obtain counsel until July 2, 2014. There is no record of the ALJ inquiring about K.F.'s ability to respond due to the lack of representation or any other reason. Further, the affidavit described a conversation between K.F. and an ODAR agent which was, at the minimum, a source of confusion. K.F. contends that the agent had told her that the hearings for both of her daughters would be "back to back." After subsequently receiving a hearing notice for her other daughter, K.F. had no reason to question the agent's instructions. The

8

Commissioner acknowledges that a phone call between the ODAR agent and K.F. took place, but claims there is no record of what was discussed during that conversation. Thus, this possible miscommunication could be potentially misleading, particularly to someone unassisted by counsel.

Moreover, the Court rejects the Commissioner's argument that since K.F. never claimed or asked for more time to find or acquire a representative, the ALJ was not required to consider it as a factor. *See Cannon*, 651 F.2d at 519 (unrepresented claimant did not claim alcoholism as a cause of her disability; however, the court found that the ALJ should have inquired into "present status and possible effects" which alone or in combination of other factors constitute disability). Even if a claimant fails to disclose certain information or claims a particular factor, the ALJ has a duty to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id.* This duty is particularly important where the claimant is unassisted by counsel.

Accordingly, the Court finds that the ALJ's failure to develop a full and fair record requires remand.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying K.F.'s application for SSI benefits on behalf of D.J.K. and **REMANDS** this matter for further proceedings. On remand, the ALJ should develop a full and fair record to determine whether K.F. had good cause to miss the hearing.

Date: March 10, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov